LOUIS L. DELPADRE *d.b.a.* TELEVISION ACCESSORY HOUSE *vs.*

CHARLES H. LOCKER *et al. d.b.a.* LOCKER & FORSYTH CO.

*et al.*

JULY 8, 1955.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This action of trespass on the case for negligence was tried before a justice of the superior court sitting with a jury and resulted in a directed verdict for the defendants. The case is before us on the plaintiff's bill of exceptions to such decision and to certain evidentiary rulings made during the trial. The latter exceptions being neither briefed nor argued are deemed to be waived. Therefore we shall consider the case solely on the plaintiff's exception to the decision directing a verdict.

The plaintiff's declaration alleges in substance and effect that on or about September 21, 1951 he was the lessee of certain premises located at 91 Globe street in the city of Providence; that on such date defendants were occupants of premises located above those leased by plaintiff; that adjacent to the premises occupied by defendants was a lavatory which was used by them and was under their sole and exclusive control; that it was the duty of defendants, their agents and servants, to maintain and inspect said lavatory and the fixtures therein so that damage to the property of other tenants of said premises would not result therefrom; and that defendants so neglected their duty in the above respect that the goods, wares and merchandise of plaintiff were greatly damaged by the flow of water from such fixtures. The declaration further alleges that plaintiff has no knowledge or means of knowledge in what respect defendants, their agents or servants, or either of them, were negligent.

In support of plaintiff's claim, Clifford A. Baxter testified that both defendants rented premises from Baxter Realty Company, of which he was the sole stockholder; that there were two toilets on the second floor; that he was not sure which one was used by defendants, but that the same toilet was used by both defendants; that as far as he knew nobody else had a key to it; and that the Baxter Realty Company did not clean the toilets, nor provide paper or soap for them. He also testified that all parties in the building had keys to

the toilets which they used and that they had the right to exclude all other persons therefrom. The plaintiff presented testimony to show that water came through the ceiling from the toilet used by defendants, causing substantial damage to his merchandise located on the floor below.

Although defendants presented testimony to show that they were not in exclusive control of the toilet from which the water seeped through the ceiling onto the merchandise below, we are of the opinion that such testimony could only be considered as conflicting with evidence introduced by plaintiff on that issue. We have carefully examined the transcript and in our judgment the testimony, viewed most favorably to plaintiff, would if believed by the jury warrant a finding that defendants were in exclusive control of the instrumentality which occasioned plaintiff's damage. The defendants' denial of such exclusive control raised an issue of fact, which in the first instance should have been submitted to the jury.

Furthermore, in passing upon defendants' motion for a directed verdict it is clear that the trial justice did not follow the rule applicable to such motion. On the contrary he appears to have acted as if he were hearing a motion for a new trial. He summed up the testimony for both sides on the question of exclusive control, and not only weighed the evidence but considered the credibility of the witnesses, thereby invading the province of the jury. Referring to plaintiff's witness Baxter the trial justice stated he "was a very evasive witness at the best." He further stated: "He was not very helpful to the plaintiff's case." In the circumstances therefore the trial justice erred in granting defendants' motion for a directed verdict.

The plaintiff's exception is sustained, and the case is remitted to the superior court for a new trial.

*Kenneth M. Beaver,* for plaintiff.

*Saul Hodosh, Edmund J. Kelly,* for defendants.